UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
:
PNC BANK, NATIONAL ASSOCIATION, :  CASE NO. 4:13-MC-81
: ADVERSARY NO. 13-4053
Movant, :
:
v. : OPINION & ORDER
: [Resolving Doc. Nos. 1, 2, & 3]
JONATHAN R. FAIRBURN, :
:
Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon Movant PNC Bank, National Association's Motion for Withdrawal of Bankruptcy Reference.[1] Respondent-Debtor Jonathan Fairburn opposes the motion.[2] For the following reasons, the Court **DENIES** Movant's motion and removes the captioned miscellaneous case from its active docket.

### I. BACKGROUND

In June 2012, PNC filed a foreclosure complaint against Debtor Fairburn in the Trumbull County Court of Common Pleas.[3] That action was stayed after Fairburn filed his voluntary Chapter 13 bankruptcy petition.[4]

Debtor Fairburn filed a May 23, 2013 Adversary Complaint against PNC in the Bankruptcy Court raising six grounds for relief: (I) improper proof of claim; (II) violation of the Fair Debt

---

[1] Doc. 1.
[2] Doc. 2.
[3] Doc. 1 at 3.
[4] *Id.*

-1-

Case No. 4:13-MC-81
Gwin, J.

Collection Practices Act; (III) breach of contract and the covenant of good faith and fair dealing; (IV) violation of the Real Estate Settlement Procedures Act; (V) invasion of privacy by intrusion upon seclusion; and (VI) fraudulent misrepresentation.[5]

On July 30, 2013, PNC responded.[6] Its answer expressed its belief that the bankruptcy court did not have jurisdiction because the complaint included non-core proceedings.[7] The parties then filed a proposed discovery plan for the Adversary Proceeding.[8] In that plan, PNC objected to the Bankruptcy Court's jurisdiction with respect to Counts II-VI and noted it was planning to file a motion to withdraw the reference for those claims.[9] The Bankruptcy Court did not enter a ruling on the discovery plan, nor a briefing schedule for the Adversary Proceeding.

On August 21, 2013, PNC filed the instant motion to withdraw reference to the Bankruptcy Court.[10] Debtor Fairburn opposes this motion.[11]

### III. LAW & ANALYSIS

28 U.S.C. § 157(d) of the Bankruptcy Code authorizes the district court to use its discretion to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Where a party fails to make a timely motion, a district court may find the party waived its right to request withdrawal.[12] "[T]he question

---

[5] Doc. 1-8.
[6] Doc. 1-9.
[7] *Id.* at ¶ 4.
[8] *Fairburn v. PNC Bank*, Adversary No. 13-4053, Doc. 12 (Aug. 6, 2013).
[9] *Id.* at ¶ 2.
[10] Doc. 1.
[11] Doc. 2.
[12] *In re Sec. Grp. 1980*, 89 B.R. 192, 194-95 (M.D.Fla. 1988) ("Failure to assert a right to withdrawal of the reference at that time constituted a waiver of the right.") (citing cases).

-2-

Case No. 4:13-MC-81
Gwin, J.

of whether a proceeding is core or non-core . . . is a central question" to a district court's decision to grant a motion to withdraw reference.[13/] A district court thus must consider as threshold issues (1) whether the timing of a movant's filing waived the right to request a withdrawal of reference and (2) whether the proceeding's status as core or non-core makes it eligible for withdrawal.

Here, Defendant PNC says the Court should find both issues in its favor. It says its motion is timely, filed less than three months after the Adversary Complaint and less than one month after PNC's response to the complaint.[14/] It also says five of the issues raised in the Adversary Proceeding are not core proceedings under 28 U.S.C. § 157.[15/]

Plaintiff Fairburn disagrees. He says PNC's motion is not timely because PNC waived its right to file a motion for withdrawal when it did not file the motion immediately after his May 2013 Adversary Complaint.[16/] He also says PNC's motion is premature because the Bankruptcy Court has not determined whether his Adversary Complaint's claims are core or non-core.[17/]

The Court considers each of these issues in turn.

**A. Waiver of Right to Request Withdrawal**

The Court first considers whether the timing of PNC's filing waived its right to request a withdrawal of reference and therefore makes the motion untimely. The Court finds that it does not. "[C]ourts have varied widely in the amount of delay a moving party is allowed between learning of grounds for withdrawal and actually filing a motion to withdraw before the motion is deemed

---

[13/] *Messinger v. Chubb Grp. of Ins. Cos.*, 1:06mc 121, 2007 WL 1466835, at *2 (N.D. Ohio May 16, 2007).
[14/] Docs. 1 at 9-10; 3 at 1.
[15/] Doc. 1 at 4-7.
[16/] Doc. 2 at 3-4.
[17/] *Id.* at 4-5.

-3-

Case No. 4:13-MC-81
Gwin, J.

untimely."[18] Courts generally agree, however, that ten months would be the "outer limit of time" permissible for filing such a motion."[19] And, where "unreasonable delay" does not exist and the debtor suffers no prejudice, a court should not find a motion for withdrawal untimely.[20]

Here, Movant PNC waited only three months after Debtor Fairburn filed his Adversary Complaint to file PNC's Motion for Withdrawal. Recall that PNC filed its motion less than one month after its answer to Fairburn's complaint. Also recall that PNC previously asserted both its belief that the Bankruptcy Court does not have jurisdiction over the claims and its intention to file the motion for withdrawal. Furthermore, the Bankruptcy Court has not set a briefing schedule or approved the proposed discovery plan for the Adversary Proceeding.

In light of this chronology, the three months between the filing of Fairburn's Adversary Complaint and PNC's Motion for Withdrawal is not unreasonable delay. Moreover, Debtor Fairburn does not show prejudice. The Court finds that PNC did not waived its right to request withdrawal and that filing the Motion for Withdrawal in August 2013 does not make it untimely.

**B. Core/Non-Core Determination**

The Court must also consider whether the Adversary Complaint claims' status as core or non-core makes them eligible for withdrawal at this juncture. The Court finds the bankruptcy court should first consider whether the claims are core or non-core claims. Under 28 U.S.C. § 157(b)(3), "[t]he bankruptcy judge *shall* determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise

---

[18] *In re Del Grosso*, No. 93 C 1564, 1993 WL 198927, at *1 (N.D. Ill. June 10, 1993) (quoting *In re Mahlmann*, No. 92 C 322, 1993 WL 19002 (N.D. Ill. Jan. 7, 1993)).
[19] *In re Ionosophere Clubs, Inc.*, 1995 WL 479480, at *3 (quoting *Burger King Corp. V. B-K of Kansas, Inc.*, 64 B.R. 728, 730 (D. Kan. 1986) and citing other cases).
[20] *In re C-TC 9th Ave. P'ship*, 177 B.R. 760, 765 (N.D.N.Y. 1995) (citations omitted).

Case No. 4:13-MC-81
Gwin, J.

related to a case under title 11."[21]  A motion for withdrawal of reference brought before the bankruptcy court makes its decision on this is premature and untimely.[22]

Here, Debtor Fairburn correctly points out that the Bankruptcy Court never ruled whether this Adversary Proceeding involves core or non-core proceedings. And, neither party has filed a motion for such determination. Though most of the claims in the Adversary Complaint appear to involve common law claims and would thereby be non-core claims[23] appropriately adjudicated by this Court,[24] 28 U.S.C. § 157(b)(3) mandates that the bankruptcy judge first determine whether the claims comprise core or non-core proceedings. PNC's motion thus is untimely and premature. The proper course then is for the Court to deny the pending motion and for Movant to request that the Bankruptcy Court make such a determination before filing a motion for withdrawal.

### III. CONCLUSION

Because the parties never requested and the Bankruptcy Court never made, a determination as to whether the Adversary Proceeding is core or non-core, the Motion for Withdrawal of

---

[21] 28 U.S.C. § 157(b)(3) (emphasis added); *see also Messinger*, 2007 WL 1466835 at *2 ("The question of whether a proceeding is core or non-core is appropriately decided by the bankruptcy court, and it is a central question to the determination of a motion to withdraw reference.").

[22] *See Packer Thomas & Co. v. Lamson & Sessions Co.*, 4:07-mc-65, 2007 WL 2886356 at *2 (N.D. Ohio Sept. 27, 2007).

[23] *See In re Astrocade, Inc.*, 79 B.R. 983, 986-87 (S.D. Ohio 1987) ("Non-core proceedings are also undefined, but generally are considered to be: . . . adversary cases or controversies which are triable only by Article III courts or state courts . . . They are traditional state common law actions, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law . . .") (alteration in the original) (citations omitted).

[24] *See* 28 U.S.C. § 157(c)(1) (dictating that the district court must enter any final order or judgment in non-core proceedings).

Case No. 4:13-MC-81
Gwin, J.

Bankruptcy Reference is untimely and premature.  The Court therefore **DENIES** Movant's motion.

     IT IS SO ORDERED.


Dated: October 11, 2013                       s/ *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE